### Application of NATIONAL AUDUBON SOCIETY.

Railroad & Public Utilities Commission.

December 29, 1954.

Thomas H. Wakefield of Lane, Muir, Wakefield, Frazier & Lane, Miami, for applicant.

Ted Cabot, Fort Lauderdale, for C. Vernon Bowes, Jr., protestant.

Wayne K. Ramsey of Milam, McIlvaine, Carroll & Wattles, Jacksonville, for Florida Greyhound Lines Division, as its interest may appear.

Chairman JERRY W. CARTER and commissioners WILBUR C. KING and RICHARD A. MACK participated in the disposition of this case.

BY THE COMMISSION.

On September 7, 1954 the commission by its duly designated examiner, Alfred E. Sapp, held a public hearing on this application at 2605 W. Flagler St., Miami.

The examiner filed his report and recommendations with the commission together with a proposed order denying the application on the ground that applicant failed to prove public convenience and necessity for the proposed operation. A copy of this proposed order was served on the respective parties and exceptions thereto were filed by the attorneys for the applicant.

We have considered the entire record herein and are of the opinion that the application should be dismissed and that certificate no. L-146 issued to applicant by this commission on July 7, 1950 should be canceled on the ground that no certificated authority from the commission is required under the laws of this state for the operation contemplated by the certificate and as proposed in the application for an extension thereof.

The National Audubon Society is a non-profit organization the primary purpose of which is to educate the public with respect to the value of intelligent treatment and wise use of natural resources. Among its activities are the providing of wardens for the protection of wild life, lecture programs, organization of clubs in public schools to teach conservation, and conducting wild life tours in co-operation with state and federal agencies interested in such matters.

The society conducts, primarily in Everglades National Park, one-day and two-day tours in station wagons carrying six passengers and the driver, or tour leader, who is trained for that purpose. Last year it handled approximately 1500 persons on its Everglades National Park tours. These tours have been operated at a loss to the society, but it considers such losses a part of the expense of the educational program. Its objective in conducting the tours is not to make money, but to educate the public.

The tours originate in various towns on the lower east coast where branch offices are maintained. While some transportation is conducted over the highways between the points of origin and the wild life areas to be visited, nevertheless the sole purpose thereof is to conduct members of the society (for the most part) through

various wild life areas and furnish them an opportunity to study existing natural resources. Such transportation over the public highways is a very minor part of the tour and is merely incidental to the overall purpose which the society accomplishes by this program.

In our opinion the described tours conducted by the society as a part of its educational program were never intended to be regulated as other forms of commercial transportation. The operations are exempt from the jurisdiction of the commission and may be conducted by the society without obtaining a certificate of public convenience and necessity therefor.

The application for an extension of certificate no. L-146 issued on July 7, 1950 is dismissed, it is further ordered that said certificate is canceled, and that the wild life tours conducted by the National Audubon Society which form a part of its educational program be and they are hereby recognized as exempt operations which may be carried on by the society without procuring a certificate of public convenience and necessity from this commission.